UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Traci L. Martin, | ) | |
| | ) | Cr. No.: 6:08-cr-00022-GRA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on a letter from Petitioner in which she asks this Court to defer her payments under the Inmate Financial Responsibility Program (IFRP) until she is no longer incarcerated. For the following reasons, this Court construes Petitioner's letter as a motion pursuant to 28 U.S.C. § 2241 and denies the motion without prejudice.

### **Background**

Petitioner pled guilty to two counts of mail theft, in violation of 18 U.S.C. § 1708. This Court sentenced Petitioner to sixty-three months imprisonment, three years supervised release, and payment of $77,434.48 in restitution and $200.00 in special assessment fees. Payment was due immediately, but the Court scheduled monthly $300.00 payments to begin forty-five days after Petitioner's release from imprisonment.[1]

---

[1] This Court later adjusted Petitioner's restitution amount to $64,552.49. The rest of the Court's initial judgment remained unchanged.

Petitioner is now incarcerated at FPC Alderson in West Virginia, where she is participating in the IFRP. Petitioner claims the employment opportunities at FPC Alderson have changed, and as a result of that change, she can no longer comply with the provisions of her IFRP financial plan. She therefore asks this Court to modify her financial plan so that she will not have to make IFRP payments until she is released from prison.

### Standard of Review

Petitioner brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

### Discussion

In asking the Court to modify her IFRP financial plan, Petitioner essentially challenges the execution of her sentence. Such a request is to be construed as a motion for relief under 28 U.S.C. § 2241. *Coleman v. Brooks*, 133 F. App'x 51, 53 (4th Cir. 2005); *see also United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) ("[C]hallenges to the execution of a federal sentence are properly brought under 28 U.S.C. § 2241."). Mindful that a *pro se* filing is to be analyzed according to its substance, *see Gordon*, 574 F.2d at 1151, this Court therefore construes Petitioner's letter as a motion under § 2241.

A court outside of the prisoner's district of confinement lacks jurisdiction over a § 2241 petition. *See United States v. Hinton*, 347 F. App'x 885, 885 (4th Cir. 2009) (per curiam); *United States v. Poole*, 531 F.3d 263, 271 (4th Cir. 2008). Because Petitioner is incarcerated in the Southern District of West Virginia, this Court lacks jurisdiction to entertain her request.[2]

IT IS THEREFORE ORDERED THAT Petitioner's Request (ECF No. 71) be DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

June  27 , 2011
Anderson, South Carolina

---

[2] The Court advises Petitioner that under § 2241, she must first exhaust her administrative remedies through the Bureau of Prisons (BOP) before seeking relief in federal court. *See United States v. Miller*, No. 1:06-cr-54, 2010 WL 99085, at *1 (W.D.N.C. Jan. 6, 2010) ("Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the [BOP]." (citing *McGhee v. Clark*, 166 F.3d 884, 885–87 (7th Cir. 1999))). Furthermore, a petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004), and "in the district of confinement rather than in the sentencing court," *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) (per curiam).