UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Traci L. Martin, | ) | |
| | ) | Cr. No.: 6:08-cr-00022-GRA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on a letter from Petitioner in which she asks this Court, for a fifth time, to defer her restitution payments until she is no longer incarcerated.

This Court sentenced Petitioner to sixty-three months imprisonment, three years supervised release, and payment of $77,434.48 in restitution and $200.00 in special assessment fees.  Payment was due immediately, but the Court scheduled monthly $300.00 payments to begin forty-five days after Petitioner's release from imprisonment.[1]

Petitioner brings this claim *pro se*.  District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982)

---

[1]  This Court later adjusted Petitioner's restitution amount to $64,552.49. The rest of the Court's initial judgment remained unchanged.

(per curiam).  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

In the course of Petitioner's four previous requests to defer payments, this Court has repeatedly reviewed Petitioner's sentence.  On three occasions, it has found proper its decisions to impose restitution upon Petitioner and to make restitution due immediately.  It has also concluded that it will not—indeed, cannot—interfere with her Inmate Financial Responsibility Program (IFRP) payment plan.

On Petitioner's fifth request for the same relief, this Court stands by its previous determinations.  It will not modify the portion of its judgment making restitution due immediately, and it lacks jurisdiction to modify Petitioner's IFRP plan.  Unless and until there is change in Petitioner's circumstances warranting modification of this Court's judgment, this Court will not entertain any future requests to defer restitution.

IT IS THEREFORE ORDERED THAT Petitioner's Request (ECF No. 74) be DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July 15 , 2011
Anderson, South Carolina